IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RESORT OF PALM BEACH, LLC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 06-10798(KG)<br><br>**Re: D.I. 234** |

**DEBTOR'S RESPONSE TO MOTION OF JEFFREY B. COHEN AND INSURANCE
DESIGNERS OF MARYLAND, INC. TO WITHDRAW THE REFERENCE OF
DEBTOR'S MOTION FOR ENTRY OF ORDER HOLDING THEM IN CONTEMPT**

Resort of Palm Beach, LLC ("the Debtor"), the above-captioned debtor and debtor in possession, by and through its undersigned counsel, for its response to the motion (the "Motion") of Jeffrey B. Cohen ("Cohen") and Insurance Designers of Maryland, Inc. ("IDM") (together the "Movants") to withdraw the reference as to the Debtor's motion ("Contempt Motion") for entry of an order holding Cohen and IDM in contempt for violation of the automatic stay and for related relief, respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     Movants do not satisfy their burden of showing that grounds for withdrawal of the reference exist. As a general rule, the Bankruptcy Court has "core" jurisdiction in enforcing the automatic stay from actions by third parties - - a jurisdictional grant that goes to the very heart of the reorganization process as envisioned by Congress and a debtors ability to reorganize unfettered by creditor interference. Movants argue that the District Court should withdraw the reference of the Debtor's Contempt Motion because Movant Cohen's violations of the automatic stay are protected speech. Movants assert that this implication of the First Amendment mandates removal. In addition, Movants vaguely claim that enjoining Movant IDM's violations of the

automatic stay could constitute a prior restraint or "cause" requiring the District Court to withdraw the reference or, at least, allowing it to withdraw the reference at its discretion.

2. Movants, however, have not cited to a single case in which a District Court withdrew the reference as to a contempt proceeding for stay violations on the basis of the assertion of a First Amendment defense. Interestingly, the very cases cited by Movants belie their suggestion that the Bankruptcy Courts are not equipped to determine if speech, which may violate the automatic stay, is protected under the First Amendment. This determination does not require a substantial or material interpretation of the First Amendment, which is necessary to establish mandatory withdrawal.

3. Instead of addressing the standard provided in 28 U.S.C. § 157(d) of the Bankruptcy Code, Movants spend most of their brief arguing the merits of their First Amendment defense to the Debtor's Contempt Motion. This is insufficient to meet Movants' burden of establishing that the District Court is mandated to, or should under its discretion, withdraw the reference. Accordingly, the Motion should be denied.

## FACTS

4. On July 31, 2006 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its assets as debtor in possession.

5. The Debtor operates a state-of-the-art upscale nightclub and lounge sprawling across approximately 7,500 square feet in themed rooms on the upper level of the Cityplace retail marketplace in West Palm Beach Florida. The nightclub opened in April 2004 and has been rated one of the premier club venues in Palm Beach County.

6. The Debtor commenced the within chapter 11 case to restructure its business and financial affairs because of three separate circumstances: (i) the adverse impact by numerous hurricanes that landed in South Florida in 2004 and 2005; (ii) a barrage of unsubstantiated and frivolous lawsuits by a disgruntled former investor, Cohen and his company IDM; and (iii) a dispute with the landlord (which is not directly relevant to this Motion or the Debtor's Contempt Motion).

7. Movants prepetition lawsuits include:

   a. Complaint in Florida State Court to foreclose on the club under a so-called security agreement after Cohen's company, Insurance Designers of Maryland received payment one day late on account of a certain loan provided to the Debtor (which was subsequently paid in full except for an unadjudicated dispute regarding attorney's fees) – the Court rejected Cohen's attempt to foreclose on the collateral, leaving open only a question on payment of attorney's fees (which is disputed);

   b. Complaint framed as a "derivative action filed in Federal District Court in New York, asserting a series of specious claims for so called breach of fiduciary duty and fraud in connection with the operation of the business – the Debtor moved to dismiss the suit, which has been scheduled for oral argument in October; and

   c. Complaint filed in Delaware Chancery Court seeking certain information, including data on investors (and for which the Debtor believes Cohen will use to further disrupt operations of the business).

8. On September 25, 2006, Movants filed motions to modify the automatic stay to continue pending prepetition litigation against the Debtors, sought to be deputized as a "representative" of the Debtor's estate, and sought appointment of a Chapter 11 trustee under section 1104 of the Bankruptcy Code.

9. After an evidentiary hearing on these motions, the Bankruptcy Court found that Movants failed to sustain their burden for lifting the automatic stay, proceeding on derivative claims and appointment of a Chapter 11 trustee, and consequently, denied the motions.

10. On December 1, 2006, Debtor filed the Contempt Motion seeking entry of an order holding Movants in contempt for violation of the automatic stay for amongst other things: (i) IDM's filing and refusing to withdraw a motion for payment of attorneys fees in Florida State Court Action (which action was stayed); (ii) Cohen's providing derogatory information to the Debtor's insurance underwriters during a time in the case where the Debtor was required to obtain additional insurance coverages; and (iii) Cohen's sending a mass mailing to all of the Debtor's members while a plan (that contemplated a capital call on such members) was in prospect, which communication was not only unauthorized but contained false and misleading allegations nearly identical to the claims rejected by the Bankruptcy Court at an evidentiary hearing to appoint a trustee only one week prior to the mailing. In addition, the Debtor sought protection against Movants' continuation of actions interfering with the Debtor's business and reorganization, as well as a hearing to consider the imposition of monetary sanctions against Movants, including but not limited to punitive damages and fees.

11. Because Movants were unavailable on the original hearing date scheduled for December 20, 2006, the parties consented to the entry of a stipulation and order to adjourn the hearing on the Contempt Motion.

12. Such stipulation and order also prohibited Movants individually and their respective agents or persons acting on their behalf from deliberately taking actions that materially interfere with Debtor's business or reorganization and/or communicating (whether orally or in writing) with anyone in any manner whatsoever regarding Debtor's business and/or reorganization except as expressly provided in such stipulation.

13. In an attempt to delay the contempt proceedings, Movants, on January 11, 2007, filed the current Motion seeking to withdraw the reference on the Contempt Motion erroneously

claiming that withdrawal is both mandatory and permissive. Also on January 11, 2007, Movants filed a motion requesting the Bankruptcy Court to stay adjudication of the Contempt Motion pending determination of the instant Motion.

## ARGUMENT

I. **There is No Basis for Mandatory Withdrawal as Movants Cannot Meet Their Burden of Proof Under Section 157(d)**

14. Movants claim that withdrawal is mandatory because the stay violations committed by Movant Cohen are protected speech under the First Amendment of the Constitution.[1]

15. The District Court shall, on timely motion of a party, withdraw a proceeding from the Bankruptcy Court if the District Court determines that "resolution of the proceeding requires consideration of both title 11 and the other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).[2]

16. The District Court recognized, however, that a literal interpretation of section 157(d) would result in an unintended "escape hatch" allowing most bankruptcy matters to

---

[1] Movants also contend that the violations by Movant IDM require mandatory withdrawal, although they concede that the "stay violation [by IDM] is not protected speech." Movants' Memorandum in Support of Motion to Withdraw the Reference ("Movants Br.") at p. 16. Movants suggest that an injunction by the Bankruptcy Court would constitute a "prior restraint" or "would appear to curtail IDM's speech rights." Movants Br. at pp. 9, 16. This argument, however, has no merit, which is further evidenced by the absence of any support for this assertion.

[2] This section provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

routinely be removed to the District Court. In re Smith Corona Corp., 205 B.R. 712, 714 (D. Del. 1996).

17.    Accordingly, a two-prong test has been applied to narrow the scope of section 157(d). The party seeking mandatory withdrawal must establish (1) "a need to consider 'other laws,' outside of the Bankruptcy Code, for the resolution of the proceeding" and (2) that "consideration of these 'other laws' must be substantial and material." Id. (citing In re Continental Airlines, 138 B.R. 442, 445 (D. Del. 1992)).

18.    "[W]ithdrawal will not be granted when only a straightforward application of a federal law is required for resolution of the pending issue." In re Smith Corona Corp., 205 B.R. at 714; see also In re Merryweather Importers, Inc., 179 B.R. 61, 62 (D. Md. 1995). Mandatory withdrawal only applies where there is a substantial and material, potential conflict between non-bankruptcy federal laws and the Bankruptcy Code.

> Withdrawal based on consideration of federal non-bankruptcy law is appropriate only where the movant demonstrates that the bankruptcy court would be required to interpret rather than simply apply federal law apart from the bankruptcy statutes. See City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir.1991); see also In re Keene, 192 B.R. 379, 382 (S.D.N.Y.1995), where the court observed that mandatory withdrawal is appropriate when 'a substantial and material' potential conflict exists between non-bankruptcy federal laws and Title 11.

In re Enron Corp., 2003 WL 22481030 (S.D.N.Y. November 4, 2003).

19.    By contrast, however, withdrawal is allowed when "complicated interpretive issues, often of first impression, have been raised under non-Title 11 laws," and the "proceedings present[] and require[] resolution of substantial and material conflicts between non-Title 11 laws and the Bankruptcy Code." In re Houbigant, Inc., 185 B.R. 680, 684 (S.D.N.Y. 1995) ; In re Adelphi Institute, Inc., 112 B.R. 534, 537 (S.D.N.Y. 1990).

20. The party seeking the withdrawal of the reference bears the burden of demonstrating that the two prongs are satisfied and bears the ultimate risk of non-persuasion. In re Smith Corona Corp., 205 B.R. at 714; see also Young v. Snider, No. 94-0005, 1994 WL 81955, at *2 (E.D. Pa. March 11, 1994).

21. Movants have failed to meet their burden of showing that their First Amendment defense to the Debtor's Contempt Motion is so substantial and material to the Bankruptcy Court's determination of whether Movants violated the automatic stay, that the determination requires review by the "more experienced district court." In re Smith Corona Corp., 205 B.R. at 714. This failure is especially pertinent, whereas here, the Contempt Motion addresses whether Movants violated the automatic stay, which is a core proceeding that is a core matter, solely arising under the Bankruptcy Code, and uniformly adjudicated by the Bankruptcy Court. In re Montgomery Ward, LLC, 292 B.R. 49 (Bankr. D. Del. 2003) (citing 28 U.S.C. § 157(b)(2)(G)).

22. In fact, the very cases cited by Movants belie their assertion that this case must be decided by the District Court. In a number of cases cited by Movants, the Bankruptcy Court made a ruling regarding whether violations of the automatic stay were protected speech. See, e.g., In re Gulf Coast Orthopedic Center, 207 B.R. 258, 261-61 (Bankr. M.D. Fla. 1997); In re Andrus, 184 B.R. 311 (Bankr. N.D. Ill. 1995); In re Sechuan City, Inc., 96 B.R. 37 (Bankr. E.D. Pa. 1989). Furthermore, Movants cite to no case where the District Court withdrew the reference on the basis that application of the First Amendment required withdrawal.

23. Movants spend the majority of their brief arguing the merits of their defenses to the Debtor's Contempt Motion on the basis of the application of the First Amendment. However, we are not at that stage yet.[3] Movants' attempt to "skirt around" the withdrawal issue only emphasizes their inability to show that this matter involves "complicated interpretive issues" or issues "of first impression," which would require mandatory withdrawal. Therefore, Movants' motion to withdraw the reference should be denied.

## II.  Discretionary Withdrawal Also is Unwarranted

24. There is no basis for permissive withdrawal under section 157(d). The District Court may withdraw, in whole or in part, any case or proceeding referred under section 157(d), on its own motion, or on timely motion of any party, "for cause shown." 28 U.S.C. § 157(d). "This Court has repeatedly acknowledged that the requirement that cause be shown creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy." In re Smith Corona Corp., 205 B.R. at 716.

25. In determining whether to grant or deny a motion for permissive withdrawal, the District Court considers several factors: (1) whether the claim is a core bankruptcy proceeding or whether it is noncore, (2) whether the parties have requested a jury trial, (3) promoting uniformity of bankruptcy administration, (4) reducing forum shopping and confusion,

---

[3] If, however, the Debtor did address the merits of Movants' defense, many of the cases cited by Movants support the Debtor's position. See, e.g., In re Crudup, 287 B.R. 358 (Bankr. E.D.N.C. 2002) (letter sent to debtor's in-laws, though it may have contained factual information that was designed to educate parents regarding their son-in-law's dealings with creditor was effort to collect debt in violation of automatic stay and was not protected by the First Amendment); In re Andrus, 184 B.R. 311 (Bankr. N.D. Ill. 1995) (signs erected by creditor in effort to collect discharged debt was not protected under First Amendment); In re Sechuan City, Inc., 96 B.R. 37 (Bankr. E.D. Pa. 1989) (actions of lessor, lessor's manager, and lessor's principal in posting signs around debtor lessee's restaurant in hotel indicating that restaurant was not paying its bills was not protected by First Amendment free speech rights).

(5) fostering economical use of debtors' and creditors' resources, (6) expediting the bankruptcy process, and (7) timing of the request for withdrawal. See In re NDEP Corp., 203 B.R. 905, 907-08, 913 (D. Del. 1996); In re Smith Corona, 205 B.R. at 716.

26.    As discussed above, the Debtor's Contempt Motion seeking to hold Movants in contempt for their violations of the automatic stay constitutes a core bankruptcy proceeding. See also In re Montgomery Ward, LLC, 292 B.R. 49 (D. Del. 2003) (citing 28 U.S.C. § 157 (b)(2)(G)). Factor 2 is irrelevant as Movants are not requesting a jury trial and factors (3) through (7) also support denial of Movants' motion since these factors reflect concerns for judicial economy and withdrawal here would not serve this goal. See In re Smith Corona Corp., 205 B.R. at 716.

27.    For all of the foregoing reasons, the Motion should be denied.

WHEREFORE, Debtor respectfully requests the entry of an order denying Movants' Motion and granting the Debtor other and further relief as the Court deems just and proper.

Dated: February 2, 2007

Respectfully submitted,

Douglas E. Spelfogel
Richard J. Bernard
BAKER & HOSTETLER LLP
666 Fifth Avenue
New York, NY 10013
Telephone: (212) 589-4200
Facsimile: (212) 589-4201

and

PEPPER HAMILTON LLP

_____
David B. Stratton (Bar No. 960)
James C. Carigan (Bar No. 4230)
Hercules Plaza, Suite 5100
1313 N. Market Street
Wilmington, Delaware 19801
Telephone: (302) 777-6500
Facsimile: (302) 421-8390

*Co-Counsel for the Debtor and Debtor in Possession*